# Order

**Michigan Supreme Court**
**Lansing, Michigan**

September 15, 2006

130018

GLENN WILLIAMS,
          Plaintiff-Appellee,

v

AAA OF MICHIGAN a/k/a
AAA MICHIGAN,
          Defendant-Appellant.

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 130018
COA: 265827
Montcalm CC: 97-000354-NF

_____/

On order of the Court, the application for leave to appeal the October 25, 2005 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

KELLY, J., concurs and states as follows:

I concur in the decision to deny leave to appeal. But I would tax appellate costs and attorney fees against defendant. Its appeal was completely frivolous.

The matter began in 1996, when an automobile accident rendered plaintiff a quadriplegic. Defendant was his first-party no-fault insurer. A controversy arose because defendant would not pay all of plaintiff's necessary personal injury protection benefits, and plaintiff brought suit. In March 1998, the parties entered into a partial settlement agreement requiring that defendant purchase a handicapped-equipped van for plaintiff every five years.

But, after five years passed, defendant did not purchase a new van for plaintiff. Plaintiff again resorted to litigation. In January 2004, he filed a motion to compel defendant to purchase a new van. Defendant responded that it was willing to purchase a new van, but it wanted plaintiff to sign a new agreement. The trial court granted plaintiff's motion from the bench in February 2004. Defendant's attorney apparently drafted the order. The last sentence stated: "**THIS ORDER RESOLVES THE LAST PENDING CLAIM AND CLOSES THE CASE.**" (Emphasis in original.) The order was entered in April 2004.

But defendant still failed to buy the new van. In May, plaintiff sought to hold defendant in contempt of court. He also obtained writs of garnishment against defendant. Defendant objected, claiming that the April order was not a final order. In August, the trial court ruled that the order was final.

Still, defendant did not buy the van. The parties came into court on plaintiff's contempt motion in September. The court ordered defendant to purchase the new van within 30 days. It threatened to jail defendant's counsel if defendant did not comply. In its order, the court also found that defendant's answer to the motion for contempt had been frivolous and allowed plaintiff costs and attorney fees. Defendant then purchased the van, but it appealed from the order. The Court of Appeals denied leave to appeal for lack of merit. Defendant appealed to the Supreme Court. Its position on appeal is that the April 2004 order was not a final order.

MCR 2.114(F) and MCR 2.625(A)(2) subject a party that brings a frivolous defense to sanctions from the Court. And MCR 7.219 and MCR 7.318 allow the Court to assess costs. This is a case in which the Court certainly should exercise these powers.

In support of its position that the April order was not final, defendant asserts that the order did not set a dollar amount that defendant had to pay for plaintiff's van. It must be remembered that defendant's counsel drafted, or at least participated in the drafting of, this order. There is no indication in the record that defendant tried to include in it a dollar amount for the van. The order appears merely to have enforced the parties' earlier 1998 settlement agreement. That agreement, freely entered into by defendant, did not state the amount to be paid. Yet defendant purchased the first van without an agreed-to purchase price. Moreover, it seems unlikely that the agreement and the April 2004 order enforcing it could contain an exact dollar amount. This is because of the changing costs of new vans and the fact that defendant had to purchase a new one every five years.

Moreover, the order specifically stated that it resolved the pending claim and closed the case. The language of the order closely tracks the court rule defining a final order. MCR 7.202(6)(a)(i) indicates what constitutes a final order in a civil case: "the first judgment or order *that disposes of all the claims* and adjudicates the rights and liabilities of all the parties . . . ." (Emphasis added). For defendant's claim to have merit, one would have to assume that this language was accidentally included *and* emphasized. Yet, defendant brought no motion to amend or clarify the order.

*Random House Webster's College Dictionary* (2001) defines "frivolous" as "characterized by lack of seriousness or sense." Defendant's argument before this Court fits this definition. Given the language included in the April 2004 order, defendant's

claim that the order was incomplete makes no sense. The appeal is frivolous. Accordingly, the case should be remanded to the Montcalm Circuit Court[1] for assessment against defendant of the costs and attorney fees incurred by plaintiff during this appeal.

CAVANAGH and WEAVER, JJ., join the statement of KELLY, J.

---

[1] The Montcalm court has already assessed costs and attorney fees against defendant because its defense in that court was frivolous. Defendant has appealed from that decision as well.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

September 15, 2006

_Corbin R. Davis_
Clerk

p0912